IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                        Case No. 4:24-MJ-4007

**EDGARDO CABRERA-PINEDA**                                                              **DEFENDANT**
aka Eduardo Pineda-Pineda

**O R D E R**

**BEFORE** the Court is the Defendant's Motion for Reconsideration of Order of Detention and Request for Immediate Release.  ECF No. 13.  The Government has filed its Response and opposes the Motion.  ECF No. 14.  On August 19, 2024, prior to any detention hearing, the Court heard argument of counsel on the instant Motion.  The matter is now ripe for consideration.

1. **Procedural Background**

Defendant was charged by Complaint (ECF No. 1) with violation of 18 U.S.C. § 1326, illegal reentry into the United States without the authorization of the Attorney General, on August 7, 2024.  He was arrested on August 8, 2024.  On August 14, 2024, Defendant appeared before the undersigned for an initial appearance.[1]  ECF No. 5.  The Federal Defender, Mr. Alex Wynn, was appointed to represent Defendant.  ECF No. 7.  At the conclusion of the initial appearance the Government presented its written Motion to Detain (ECF No. 10) asserting the Defendant should be detained as a flight risk.  The Government requested a three (3) day continuance to prepare for the detention hearing pursuant to 18 U.S.C. § 3142(f).  The Defendant objected to this request and orally moved for immediate release.  Defendant's counsel asserted the Court lacked authority to conduct a detention hearing as none of the factors from 18 U.S.C. § 3142(f) had been established.

---

[1] The six-day delay in Defendant's appearance was a result of the Court's previously set schedule and the intervening weekend.

The Court found the Government had alleged the Defendant would flee or not appear if released. After hearing brief argument from Defendant's Counsel, the Court overruled the objection of the Defendant and set this matter for a detention hearing on August 19, 2024. The Defendant was invited to file a formal motion with his objection and request for immediate request release and has done so. The Government filed a written response to the Motion. The Court informed counsel for both parties[2] it would hear the Motion to Reconsider Order of Detention and Request for Immediate Release prior to any detention hearing on August 19, 2024.

2. **Discussion**

Defendant argues in his motion that the Court's the initial Order of detention failed to specify which factor of 18 U.S.C. § 3142(f) "was proven by a preponderance of the evidence, *so as to warrant a detention hearing.*" He claims there can be no detention hearing without this finding. Most of the cases cited by Defendant do not support his contention the courts cannot have a hearing in this context. In fact, the Courts, in most of those cases cited by Defendant, held a hearing in order establish a record to allow it to rule on the issue of pre-trial detention or release and the applicability of § 3142(f). The one case cited by Defendant where a Court found the Government did not have a right to a detention hearing, *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999), is easily distinguishable. *Singleton* involved an allegation of violation of felon in possession of a firearm, which the Government contended was a crime of violence under § 3142(f) and thus subject to a detention hearing if requested. The *Singleton* Court ruled "convicted felons who possess firearms . . . have not by that act alone committed a crime of violence warranting pretrial detention." This is a far different crime and set of facts than the instant case.

---

[2] The Court notified counsel by email to be prepared for a hearing on the instant Motion prior to any detention hearing.

Here the Defendant is charged with illegal re-entry by a previously deported alien and the Government alleges he is a risk of non-appearance or flight.

Defendant cites no case to the Court, and the Court can find none, indicating that § 3142(f) prohibits ***any hearing*** until the Government "proves by a preponderance of the evidence," as Defendant says is necessary, one of the factors from § 3142(f). In fact, it appears a hearing of some sort is necessary to allow the Court to make any determination as to whether the Defendant is a "serious risk" of flight as required before a detention hearing may be requested by the Government. After hearing argument of counsel regarding the instant Motion, the Court invited the Government to present evidence of "serious risk" of flight.

The Government called Agent Jason Venema, of Immigration and Customs Enforcement (ICE). Agent Venema stated his agency's records revealed Defendant had been notified to appear for a deportation hearing in Baltimore Maryland in 1999. Defendant failed to appear. The Defendant's deportation took place, *in absentia,* in 1999 and he was ordered deported. Agent Venema testified the Defendant was thereafter deported in 2014. However, before his deportation in 2014, Defendant was arrested at least twice in Maryland by state or local law enforcement. He apparently did not flee the jurisdiction of the state of Maryland or the United States in 1999.

The Court's review of the Pretrial Services Report (PTSR) (ECF No. 15) revealed several pertinent facts. The Defendant was in fact deported in 2014. He states he lived in Maryland between 1999 and 2014. He has been in the Western District of Arkansas since at least 2018, as shown by his arrest record for minor offenses. The Defendant and his two sisters live in Nashville, Arkansas. He resides in Nashville with his mother and a brother. He was arrested for the offense of selling alcohol in a dry county by the Howard County Arkansas Sheriff's Department prior to

his arrest by ICE in this case. Defendant was born in Honduras and his father still resides there. There is no evidence he has more extended family in Honduras.

While there is certainly some risk Defendant could flee the United States, the standard, at this stage of the proceeding, is whether there is a "serious risk" of flight. Here, Defendant did not flee the United States during a prior deportation proceeding in Maryland. He has lived in this country, albeit illegally, since 1999. Almost his entire extended family resides in the Western District of Arkansas. His ties appear to be in this District. The Government has failed to establish the Defendant is a "serious risk" of flight.

However, the forgoing finding does not end the inquiry. The PTSR and the Government both note that ICE has lodged a "detainer" with the United States Marshal Service preventing Defendant's immediate release from custody. Pursuant to 18 U.S.C. § 3142(d) a person may be temporarily detained by the Court:

> If the judicial officer determines that--
>
> **(1)** such person--
>
> **(B)** is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
>
> **(2)** such person may flee or pose a danger to any other person or the community;
>
> such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceeding.

The Court finds the Defendant is not a citizen of the United States or lawfully admitted for residence and should be temporarily detained for a period of seven (7) days to allow the Government to notify the appropriate official of ICE of the Court's order of release. If ICE declines to take Defendant into custody, this Court will convene a subsequent hearing on August 23, 2024, to consider what conditions of release, if any, should be imposed for Defendant's pretrial release in this matter. In the event ICE declines to take custody of the Defendant, the United States Marshal shall maintain Defendant in its custody until the Court sets conditions of pretrial release.

Accordingly, Defendant's Motion for Reconsideration of Order of Detention and Request for Immediate Release (ECF No. 13) is **GRANTED** in part and **DENIED** in part. Defendant is Ordered remanded to the Custody of the United States Marshal until further order of this Court or until ICE takes custody of the Defendant.

**IT IS SO ORDERED** this **20th day of August 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE